Dear Mr. Gruntz:
This office is in receipt of your letter dated October 19, 1995, requesting an opinion from this office on the following questions:
 1) May an offtrack betting facility (OTB) be operated at a leased premises or does the language in R.S. 4:215, and/or R.S. 33:4862.6(3) require that the premises be owned by the operator of the OTB license?
 2) If the premises must be owned, does the Parish of Jefferson have lawful authority to immediately revoke the alcoholic beverage permits, and certificates of use and occupancy or must there be a revocation of the OTB license by the Louisiana State Racing Commission before the Parish has legal cause to revoke said permits?
The Louisiana Legislature has by Act 203 of the 1987 Regular Session authorized offtrack wagering. In particular, La. R.S.4:212 provides:
 The Louisiana State Racing Commission, hereinafter referred to as the commission, is hereby authorized to license offtrack wagering in this state and shall promulgate such rules and regulations as are necessary for the efficient administration of offtrack wagering in this state.
La. R.S. 4:215 A. provides in part; "Only a primary licensee of a parimutuel facility may own and operate an offtrack wagering facility. . ."
Further, La. R.S. 4:213 provides that:
 In addition to the rights granted in R.S. 4:149.2, any association licensed by the commission may accept and transmit wagers as provided in this Chapter and engage in all necessary activities to establish appropriate offtrack wagering facilities to accomplish this purpose. Such activities shall include, but not be limited to:
(1) Live simulcast of races from the host track.
 (2) Construction or leasing of offtrack wagering facilities.
(3) Sale of goods and beverages.
(4) Advertising and promotion.
(5) All other related activities.
Offtrack wager facility has been defined as "the licensed authorized location where offtrack wagers may be accepted." La. R.S. 4:211(4).
Because La. R.S. 4:213 specifically authorizes the "leasing of offtrack wagering facilities," it is the opinion of this office that the requirement found in La. R.S. 4:215 that "only a primary licensee of a parimutuel facility may own and operate an offtrack wagering facility . . ." does not require ownership of the premises. "Own" as used in this provision apparently relates to the licensee's business as distinguished from the land and buildings where the facility operates.
Because La. R.S. 4:213 specifically allows the leasing of offtrack wagering facilities, your second question requires no answer by this office.
In conclusion, it is the opinion of this office that pursuant to La. R.S. 4:213 offtrack wagering facilities may be leased by a licensee.
I hope this opinion satisfactorily addresses your questions. Should you need any further assistance, please do not hesitate to contact me.
Yours truly,
 RICHARD P. IEYOUB Attorney General
 By: _____________________ Thomas A. Warner, III Assistant Attorney General
TAW: bp
Date Received:
Date Released:
Thomas A. Warner, III Assistant Attorney General